**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

RICARDO AVILA MOYA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. EDCV 26-6759-AS

**MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

On November 11, 2026, Ricardo Avila Moya (A# 046-686-860) ("Petitioner"), an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") seeking release on the grounds that his detention since June 24, 2026, violates due process and the Immigration and Nationality Act ("INA"). (Dkt. No. 1). On November 18, 2026, Respondents filed an Answer which states that they "are

not presenting an opposition argument" to the Petition "at this time." (Dkt. No. 9).

For the reasons stated below, the Court grants the Petition and orders Petitioner's immediate release from detention.[1]

**BACKGROUND**

Petitioner is a citizen of Mexico who was admitted to the United States as a lawful permanent resident on December 21, 1998, at age fifteen, in the FX2 immigrant visa class for the child of a lawful permanent resident, and he has resided here since. (Petition ¶¶ 22-23). Both of his parents are U.S. citizens. (Id. ¶ 23).

On August 21, 2007, Petitioner pleaded guilty in Riverside County Superior Court to one count of grand theft under California Penal Code § 487(a). (Id. ¶ 24). The court suspended imposition of the sentence, granted 36 months of formal probation, and, as a condition of probation, ordered 120 days in county jail. (Id.). On March 15, 2012, the court granted his motion to reduce the conviction to a misdemeanor under California Penal Code § 17(b). (Id.). More recently, Petitioner received convictions in San Bernardino County between 2020 and 2022, including misdemeanor convictions under California Penal Code §§ 166(a)(4) and 166(c)(1), as well as felony convictions under California Penal Code §§ 646.9(a) and 459, for which he was sentenced to concurrent state

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 4-7).

prison terms. (Id. ¶ 25). He has completed all terms of his sentences. (Id.).

On June 24, 2026, Petitioner arrived at Ontario International Airport, returning from Guadalajara, Mexico, and he presented his Form I-551 and Mexican passport for inspection as a returning lawful permanent resident. (Id. ¶ 26). Customs and Border Protection ("CBP") recorded that he "was found potentially inadmissible to enter the United States as a returning [lawful permanent resident] due to his criminal activity," and that "[i]f convicted, [he] may be removable from the United States." (Id.). On June 27, 2026, CBP turned him over to ICE Enforcement and Removal Operations in Los Angeles, which recorded that Petitioner "is a returning [lawful permanent resident] with qualifying convictions" and would be "kept in custody pending immigration proceedings." (Id. ¶ 27).

Petitioner was served that day with a Notice to Appear designating him as an "arriving alien" and charging him as inadmissible under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), based on his 2007 grand theft conviction.[2]

---

[2] This provision renders inadmissible noncitizens who have been convicted of a "crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). As the Supreme Court recently explained:

> Because lawful permanent residents generally must be regarded as already admitted to the country, they usually do not have to reapply for admission when they return from temporary overseas travel. [8 U.S.C.] § 1101(a)(13)(C). But . . . the Government may regard a lawful permanent resident as "seeking an admission" (and thus as not already admitted) if he "has committed an

(Id. ¶ 28). However, at a hearing on November 9, 2026, an immigration judge determined that because Petitioner's 2007 conviction had been reduced to a misdemeanor, he was "not removable as charged" under § 1182(a)(2)(A)(i)(I). (Id. ¶ 31). As the government had brought no other charge, the immigration judge terminated the proceedings without prejudice. (Id.).

Notwithstanding that finding, ICE has continued to detain Petitioner. Moreover, because the charging document still designates him as an "arriving alien," the immigration judge will not entertain a custody redetermination.[3] (Id. ¶ 33). Petitioner has never been determined to pose a danger or a flight risk. (Id.).

If released, Petitioner will live with his son in San Bernardino, California, who "has committed to ensuring that [Petitioner] appears at any hearing or check-in" that may be required. (Id. ¶ 34). Before his detention, Petitioner had worked for about a year for Cityway Community Economic Development

---

offense identified in section 1182(a)(2)," § 1101(a)(13)(C)(v), including a crime involving moral turpitude, § 1182(a)(2)(A)(i)(I).

Blanche v. Lau, 609 U.S. 1, 5 (2026). Under 8 U.S.C. § 1225(b), noncitizens seeking admission, or "arriving aliens," are generally subject to expedited removal proceedings, and detention is mandatory during the pendency of those proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1168 (9th Cir. 2026).

[3] "Arriving aliens" are subject to mandatory detention, as noted above, see 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV), and immigration judges therefore "may not redetermine conditions of custody" for noncitizens who have been designated as such, 8 C.F.R. § 1003.19(h)(2)(i)(B).

Corporation, and he is an active member of his San Bernardino church. (Id.).

**DISCUSSION**

Petitioner seeks immediate release, and Respondents have expressly declined to oppose this (see Answer at 2). Upon review of the uncontested facts set forth in the Petition, the Court finds that Petitioner's detention lacks statutory basis and violates due process.

**ORDER**

Accordingly, the Court GRANTS the Petition (Dkt. No. 1) and ORDERS Respondents to release Petitioner Ricardo Avila Moya (A# 046-686-860) immediately from immigration detention. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations. Further, Respondents shall file a "Notice of Release" within three days of the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 19, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE